**SISTRUNK et ux.**

v.

**DIRECTOR OF INTERNAL REVENUE.**

Civ. No. 2519.

United States District Court, E. D. Texas, Beaumont Division.

Feb. 23, 1954.

———◆———

C. M. Hudspeth, DeLange & Hudspeth, Houston, Tex., for plaintiffs.

William M. Stegar, U. S. Atty., Tyler, Tex., and Leonard E. Choate, Asst. U. S. Atty., Beaumont, Tex., for defendant.

DAWKINS, District Judge.

▆ The complaint in this case alleged, in substance, that the Director of Internal Revenue (formerly Collector of Internal Revenue) had seized complainant's real property to enforce payment of a tax owed, not by him, but by one O. L. Sherman. It therefore raises an issue of title, or who is the legal owner of the real property, and may be termed an action of a local nature, or in rem, wherein the court, having jurisdiction of the res, has power to decide it.

▆ If complainant's position is correct, and this must await a trial on the merits, the action of the Collector in seizing one's property for the tax debt

of another would be beyond his authority. If the complaint is sustained by proof and the court finds that the property really belongs to complainant, and it is sold before his claims are heard, irreparable injury in legal contemplation would follow from the necessity for further litigation to recover it back. It is not a case of enjoining collection of a tax assessed against a tax debtor, but according to the allegations of the complaint, a proceeding for the protection of property against an alleged illegal seizure.

It is not necessary to make the Government a party to this suit because if the court finds for the plaintiff that he is owner, the issue can be decided contradictorily with the Director. A preliminary injunction may issue to preserve the status until the case can be heard on its merits.