**STRAWBERRY HILL PRESS, INC.,**
Plaintiff,

v.

**Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, Defendant.**

Civ. No. 19257.

United States District Court
E. D. New York.

March 10, 1959.

O'Brien, Driscoll & Raftery, New York City, for plaintiff, Edmund C. Grainger, Jr., New York City, of counsel.

Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts, Frank W. Rogers, Jr., Attys., Dept. of Justice, Washington, D. C., Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant, Irwin J. Harrison, Asst. U. S. Atty., Great Neck, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

This is an action in which plaintiff seeks to enjoin defendant from enforcing collection of a penalty assessed by defendant for late filing of a federal corporate income tax return. Defendant now moves to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The facts are not in dispute. Taxpayer filed a delinquent tax return for the fiscal year ending April 30, 1958. No request for extension had been made and no explanation of delinquency offered.

Pursuant to Section 6651 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6651 a delinquency penalty of $3,003.79 was imposed on August 29, 1958 and notice and demand mailed to the taxpayer. A protest of the penalty was filed on November 18, 1958 and plaintiff filed the complaint in this case on December 5, 1958.

Suits to restrain assessment or collection of taxes may not ordinarily be maintained in any court. However, Section 6213 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6213 provides for certain procedures with respect to deficiencies which allow a taxpayer an opportunity for notice and a hearing in the Tax Court. This section also provides that if these procedures are not complied with then actions taken to secure payment of the tax may be enjoined by a proceeding in the proper court.

The sole issue is whether a penalty for delinquent filing of a tax return is such a deficiency as to be included under Section 6213. It appears that penalties for delinquent filing are such deficiencies.

The section under consideration reads as follows:

"§ 6659. Applicable rules

"(a) Additions treated as tax.— Except as otherwise provided in this title—

"(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

"(2) Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

"(b) Additions to tax for failure to file return or pay tax.—Any addition under section 6651 or section 6653 to a tax imposed by another subtitle of this title shall be considered a part of such tax for the purpose of applying the provisions of this title relating to the assessment and collection of such tax (including the provisions of subchapter B of chapter 63, relating to deficiency procedures for income, estate, and gift taxes)."

The language of the statute seems to be explicit that additions to the tax, including penalties, are to be assessed and collected in the same manner as the tax to which they are added. The wording of Section 6659(a)(1) and (b) seems to state precisely that penalties in general and specifically penalties under Section 6651 are subject to the same procedures for collection as taxes. Therefore notice and the opportunity of a hearing in the Tax Court must be available for penalties as well as for deficiencies.

The language of Section 6659 differs from its predecessor statute Section 291 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 291 which provides for delinquency penalties as follows:

"(a) * * * The (delinquency penalty) amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. * * *"

In contrast with Section 291, Section 293 of the Code of 1939 provided for deficiency penalties and stated that such penalties were to be collected in the same manner as if they were deficiencies. The Court of Appeals for the Third Circuit relying heavily on the variation in language between Section 291 and Section 293 held that delinquency penalties were not to be treated as deficiencies. United States v. Erie Forge Co., 191 F.2d 627. The Court stated at page 630:

"The difference in wording between Sections 291 and 293 is certainly not accidental. If Congress

had meant to subject delinquency penalties to the deficiency route it would undoubtedly have said so, just as it did in Section 293 in the case of deficiency penalties."

The Internal Revenue Code of 1954 changes this, however, since the procedures for the collection of a variety of penalties were all included in one section, namely 6659. Sections 6651–6658 describe the various penalties to be invoked and Section 6657 applies to all of them. The distinctions among collection procedures for the various penalties were eliminated thus rendering ineffective the language upon which the Court relied in the Erie Forge case. Hence that decision is no longer relevant in considering similar cases under the 1954 Code. Hackleman v. Granquist, D.C., 147 F. Supp. 826, affirmed 9 Cir., 264 F.2d 9.

The defendant's motion is in all respects denied. If a certification is required, the Court will entertain a written request therefor.

Settle order on ten days' notice.