**STRAWBERRY HILL PRESS, INC.,**
Appellee,

v.

**Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, Appellant.**

No. 206, Docket 25864.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1959.

Decided Dec. 22, 1959.

David O. Walter, Dept. of Justice, Washington, D. C. (Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Dept. of Justice, Washington, D. C., Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., and Irwin J. Harrison, Asst. U. S. Atty., Eastern Dist. of New York, Great Neck, N. Y., on the brief), for appellant.

Edmund C. Grainger, Jr., New York City (O'Brien, Driscoll & Raftery, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

PER CURIAM.

Thomas E. Scanlon, District Director of Internal Revenue for the District of Brooklyn, appeals from an order granting summary judgment to Strawberry Hill Press, plaintiff in an action to enjoin collection, prior to the issuance of a ninety day letter, of a delinquency penalty assessed under Sec. 6651 of the Internal Revenue Code of 1954, 26 U.S.C. A. § 6651, and to vacate certain federal tax liens on plaintiff's property. We affirm the judgment.

Plaintiff's tax return for its 1957 fiscal year, due on July 15, 1958, was filed in the defendant's office about July 25, 1958. Shortly thereafter, the defendant sent a form letter to plaintiff, stating that unless reasonable cause were shown for the delay in filing, a penalty would be asserted. Upon plaintiff's failure to respond a penalty of 5% per month of the tax due was assessed under Sec. 6651(a) of the Internal Revenue Code of 1954[1] and a demand for payment for that penalty in the amount of $3,003.79 plus interest was made. On November 19, 1958 the defendant filed a notice of lien with the

---

1. Section 6651(a) provides in relevant part:

"In case of failure to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."

Registers of New York and Kings County in favor of the United States upon the plaintiff's property. At no time was plaintiff sent the deficiency notice provided in Sec. 6212(a) of the 1954 Code.[2] On December 5, 1958 plaintiff brought this action to enjoin collection of the penalty and to obtain cancellation of the liens, alleging that under Sec. 6659 of the 1954 Code[3] the defendant was obliged to send it a notice of deficiency and grant it an opportunity to appeal to the Tax Court prior to collection of the penalty. Defendant disputed this interpretation of Sec. 6659, emphasizing primarily the practice under prior tax statutes[4] and the inconvenience of administration which would be caused where a deficiency notice for the penalty for late filing required. On cross motions for summary judgment, the trial court granted the relief sought by plaintiff.[5]

In Granquist v. Hackleman, 9 Cir. 1959, 264 F.2d 9, the Ninth Circuit was faced with a case virtually identical to this. We agree with so much of that opinion as holds that a penalty for late filing of a return is to be treated as a deficiency with respect to the requirement that a ninety day letter be sent the taxpayer and the reasons given for that conclusion.

Affirmed.

**2.** Section 6212(a) provides:

"If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by * * registered mail." 26 U.S.C.A. § 6212(a).

**3.** Section 6659 provides:

"(a) *Additions treated as tax.*—Except as otherwise provided in this title—

"(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

(2) Any reference in this title to 'tax imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

"(b) *Additions to tax for failure to file return or pay tax.*—Any addition under section 6651 or section 6653 to a tax

imposed by another subtitle of this title shall be considered a part of such tax for the purpose of applying the provisions of this title relating to the assessment and collection of such tax (including the provisions of subchapter B of chapter 63, relating to deficiency procedures for income, estate, and gift taxes)." 26 U.S. C.A. § 6659.

**4.** The statutes on this subject begin with Rev.Stat. § 3176 (1878) and continue up to Int.Rev.Code of 1939, § 291. Section 291 was interpreted as not requiring a ninety day letter prior to assessment in United States v. Erie Forge Co., 3 Cir., 1951, 191 F.2d 627, certiorari denied, 1952, 343 U.S. 930, 72 S.Ct. 759, 96 L.Ed. 1339.

**5.** An earlier opinion by Judge Bruchhausen, upon motion of the District Director to dismiss the complaint, is reported at Strawberry Hill Press, Inc., v. Scanlon, D.C.E.D.N.Y.1959, 172 F.Supp. 335.