Daniel **LIPSIG,** Plaintiff,

v.

UNITED STATES of America, and Thomas E. Scanlon, District Director of Internal Revenue, for the District of Brooklyn, Defendants.

Civ. 60-C-550.

United States District Court
E. D. New York.
July 27, 1960.

Edward M. Blutreich, Brooklyn, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendants; Jon H. Hammer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Action under 28 U.S.C.A. §§ 1340 and 1346 seeking to enjoin the District Director of Internal Revenue from enforcing certain liens filed against property of plaintiff and a determination that the said liens are invalid. Defendants move to dismiss the complaint pursuant to Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A. on the grounds that it fails to state a claim upon which relief can be granted, and that the United States, an indispensable party, has not consented to be sued in this action. Plaintiff moves for a preliminary injunction restraining enforcement of the liens pending final determination of the cause.

According to the complaint which on this motion will be taken at face value, plaintiff was an officer of S. J. Sportswear, Inc., which failed to remit to the District Director of Internal Revenue the sum of $8,682.23 representing withholding and social security taxes for the third and fourth quarters of 1955. In April, 1959 plaintiff was assessed with a 100% penalty pursuant to Section 6672 of the Internal Revenue Code of 1954, 26 U.S.

828

C.A.[1] Thereupon, liens were filed against plaintiff personally in the offices of the County Clerks of New York and Kings Counties in May, 1959, and then in May, 1960 liens were filed with certain insurance companies, potential debtors of plaintiff.

■ Plaintiff challenges the propriety of the assessment on the ground that he was not an active officer of the corporation. He also challenges the validity of the liens in two counts. The first count alleges that the liens were filed without prior service of the statutory notice of deficiency required under Sections 6212 and 6213, and the second count alleges that they were filed pursuant to assessments made after the applicable statute of limitations had expired. He further asserts that the liens have caused him irreparable injury by damage to his reputation, causing him undue hardship and embarrassment, impairing his relationship with his employer.

In seeking dismissal, defendants rely primarily upon Section 7421 which provides:

"Except as provided in sections 6212(a) and (c), and 6213(a) [dealing with the requirement of "ninety day letters"], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

To this plaintiff counters that he comes (a) within the excepting provisions of the statute and (b) alternatively within the "judicial exception" to the statute permitting equitable relief in meritorious cases.

■ Under the authorities construing the statute it appears clear that plaintiff does not come within the excepting provisions of Section 7421. Those provisions refer to the assessment of income and estate taxes imposed by Subtitles A and B of the Code and not to withholding and social security taxes imposed by Subtitle C thereof. Such was the construction placed upon Section 6212(a) in Mrizek v. Long, D.C.Ill.1959, 187 F.

Supp. 830, where the court observed (at page 836):

"Plaintiffs complain that the 'Notice of Deficiency' required by Section 6212 was not sent them. Paragraph (a) of that Section reads:

"(a) *In General.*—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail.'

"Withholding taxes are imposed by Subtitle C of the Internal Revenue Code. Since no notice of deficiency was required to be sent the plaintiffs by Section 6212(a), plaintiffs cannot complain of its omission."

The same conclusion was reached in Enochs v. Green, 5 Cir., 1959, 270 F.2d 558, under the 1939 Code. Accord, McAllister v. Dudley, D.C.Pa.1956, 148 F.Supp. 548.

■ In support of his claim plaintiff argues that Davis v. Dudley, D.C.Pa. 1954, 124 F.Supp. 426, and Strawberry Hill Press, Inc. v. Scanlon, D.C.N.Y.1959, 172 F.Supp. 335, affirmed 2 Cir., 273 F.2d 306, are controlling. Those cases however held that a penalty would be treated as a deficiency, and where a "ninety day letter" would be required for a deficiency it would also be required with respect to a penalty imposed in connection with the deficiency. The real issue is the nature of the tax and not whether it is a tax or a penalty. The Dudley and Strawberry Hill cases involved income taxes and penalties requiring a "ninety day letter" and not social security and withholding taxes not requiring such a letter. Obviously they are inapposite. Plaintiff also relies heavily upon the dissenting opinion in Enochs v. Green, supra, which this Court has no authority to follow assuming it agreed with its rationale.

■ Referring to plaintiff's alternate argument based upon a judicial exception

---

1. All statutory references, unless otherwise indicated, are to Title 26 U.S.C.

to the bar of Section 7421, plaintiff has failed to satisfy its prerequisites. It is true that there is a general power in the District Court to enjoin collection of taxes "* * * in cases where complainant shows that *in addition to the illegality* of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence * * *". Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422 (emphasis added). The most recent illustration of such a showing may be found in Mrizek v. Long, supra, where the taxpayer alleged not only that his property had been seized without the issuance of the ten-day notice required by Section 6331(a), but also that (i) he had entered into an agreement with defendant to make installment payments of his tax, (ii) he had in all respects complied with the terms of the agreement, and (iii) the levy and sale was a breach of this agreement which also prevented him from further compliance with the agreement.

■ In contrast to the above cases there is no showing by plaintiff that the tax is illegal or that he will suffer irreparable injury. His sole allegation of harm is damage to reputation. This alone is not sufficient. Hudson v. Crenshaw, 4 Cir., 1955, 224 F.2d 324, 325. Indeed, allegations of more severe injury have been held to be insufficient to invoke equitable aid against tax assessments. Holdeen v. Raterree, D.C.N.Y. 1957, 155 F.Supp. 509, 510–511, affirmed 2 Cir., 253 F.2d 428; State of California v. Latimer, 1938, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159; Morton v. White, D.C.Ill.1959, 174 F.Supp. 446, 449. Based upon the complaint in this case there has been no showing of illegality or irreparable damage and consequently plaintiff is in no position to invoke the protection of the judicial exception.

■ The charge made by plaintiff in his second count, that the assessment is illegal because of the expiration of the statute of limitations, is without substance. The complaint alleges that the statutory period within which the assessments could be made commenced on the date that the payments became due. According to the Code, however, the period begins, if it begins at all, on the date when the appropriate return was filed. No limitation is imposed if no return was filed, a false return was filed or a wilful attempt was made to avoid the tax. Section 6501(a) and Regs. § 301.-6501(b)–1(b). By reason of the failure to plead the proper date for the commencement of the statute of limitations it is impossible to determine whether the three-year period had elapsed at the time of the assessment. Assuming, *arguendo,* that the assessment was illegal, plaintiff has failed to show "special and extraordinary circumstances" meriting equitable relief, as discussed above.

■ Turning to the final issue before the Court, plaintiff relies upon his position as an inactive officer of the corporation to justify his claim that the assessment was illegal and that he is entitled to equitable relief. While proof of this allegation might entitle plaintiff to a refund of any penalty paid (Levy v. United States, D.C.La.1956, 140 F.Supp. 834), the fact that it would ultimately be determined that the penalty was not owing is insufficient to merit the issuance of an injunction. This traditional principle was repeated in United States v. Curd, 5 Cir., 1958, 257 F.2d 347, at page 351, where the court stated:

"* * * But there was nothing arbitrary and capricious in the tack which the Government took. A full and adequate opportunity is available to test the soundness of both. To grant this Taxpayer who demonstrates no appealing or necessitous circumstances the opportunity of contesting ultimate liability for taxes without following either of the traditional routes through the Tax Court or payment and suit to recover back, would not only undermine the judicial approach which acknowledges the inexorable necessities of the tax collecting process, Snyder

**830**

v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901, but would ultimately discriminate unfairly against countless other taxpayers and would lead to more, not less, hardship and injustices."

Under any theory plaintiff has failed to allege a sufficient basis to justify equitable intervention by this Court.

Motion for preliminary injunction denied. Motion to dismiss the complaint is granted. Settle order on 2 days' notice.