Michael **BOTTA**, Ernest Montagni and Salvatore Santaniello, Plaintiffs,

v.

Thomas E. **SCANLON**, District Director of Internal Revenue for the District of Brooklyn, Defendant.

Civ. 60–C–239.

United States District Court
E. D. New York.
July 27, 1960.

Daniel H. Greenberg, New York City, for plaintiffs.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for defendant, Jon H. Hammer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Motion by defendant to dismiss the complaint on the grounds that (i) it fails to state a claim upon which relief can be granted (Rule 12(b) (6), Fed.Rules Civ.Proc., 28 U.S.C.A.), (ii) Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A.[1], bars the relief sought by plaintiffs, (iii) there has been a failure to join an indispensable party (Rule 19) and (iv) no relief may be had herein under the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201 and 2202.

The action, brought pursuant to 28 U.S.C.A. § 1340, is essentially one for an injunction against the enforcement by the District Director of Internal Revenue of certain tax liens. The plaintiffs were officers of Thru-County Plumbing and Heating Co., Inc., which was adjudicated a bankrupt on February 14, 1958. At that time there was owing to the United States of America amounts withheld by the corporation from the salaries of its employees during the last quarter of 1956, the four quarters of 1957 and the first quarter of 1958. Pursuant to Section 6672, plaintiffs were assessed with 100% penalties aggregating $7,779.96, and thereafter liens against the property of plaintiffs were filed in the office of the County Clerk, County of Queens, and also with the Clerk of this Court. Alleging that they were in no way connected with any corporate activity involving taxes, plaintiffs seek an order invalidating the assessment and liens and an injunction prohibiting the enforcement or collection of the assessments under notice of levy. The theory of plaintiffs' action is that the assessments are invalid since no "ninety day letters" were served on them in accordance with the mandate of Section 6212 (a), making the procedure followed by defendant unlawful and also that since they were not the individuals responsible for the failure to remit the taxes withheld from the salaries of the corporate employees the assessment against them is improper.

Section 7421 bars any "suit for the purpose of restraining the assessment or collection of any tax * * *" except where there has not been compliance with the "ninety day letter" requirement. For the reasons set forth in the opinion of this Court in the companion case of Lipsig v. United States, D.C.E.D.N.Y.1960, 187 F.Supp. 826,[2] plaintiffs are not entitled to be served with "ninety day letters" since such letters are only required when a tax or penalty is imposed pursuant to Subtitles A or B of the Code, where as here the assessment was pursuant to Subtitle C of

---

1. All references to statute are to the Internal Revenue Code of 1954, 26 U.S. C.A., unless otherwise indicated.

2. Distinguishing the cases of Davis v. Dudley, D.C.Pa.1954, 124 F.Supp. 426, and Strawberry Hill Press, Inc. v. Scanlon, 2 Cir., 1959, 273 F.2d 306.

the Code. Plaintiffs consequently are not within the statutory exception provided for in Section 7421. Mrizek v. Long, D.C.Ill.1959, 187 F.Supp. 830.

■ ■ There is a judicial exception to the bar of Section 7421 applied where (a) the tax assessment is an illegal exaction in the guise of a tax and (b) there are present "special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence." Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422. To come within this judicial exception to the statute plaintiffs must meet *both* of the above requirements. The complaint recites the bare conclusion that the defendant's conduct has caused "irreparable harm", and such a recital is inadequate to invoke equity jurisdiction. "A *showing* of extraordinary and exceptional circumstances *must be found in the complaint* if an escape is to be made from the prohibition of Section 7421, Internal Revenue Code." Holdeen v. Raterree, D.C.N.Y.1957, 155 F.Supp. 509, 510 (emphasis added) and cases cited therein. To the same effect are State of California v. Latimer, 1938, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159; Homan Mfg. Co. v. Long, 7 Cir., 1957, 242 F.2d 645; Morton v. White, D.C.Ill.1959, 174 F.Supp. 446. Plaintiffs have patently failed therefore to come within either of the two requirements of the "judicial exception" with regard to the failure of defendant to serve a "ninety day letter".

■ Although not pressed by plaintiffs on this motion, there is a second allegation of illegality in the complaint, based upon the assertion that they are not the proper parties to be charged with Section 6672 penalties. If true, this might be a basis for recovery in an action for a refund after payment of the penalty. Levy v. United States, D.C.La. 1956, 140 F.Supp. 834. However, the fact that the person assessed with a tax does not owe that tax is not alone sufficient to invoke equity jurisdiction. Mere illegality, injustice or irregularity of the tax, without more, will not justify injunctive relief. United States v. Curd, 5 Cir., 1958, 257 F.2d 347; Allen v. Shelton, 5 Cir., 1938, 96 F.2d 102, certiorari denied 305 U.S. 630. Further, plaintiffs' failure to allege the nature of their "irreparable injury" in this respect would again preclude the granting of the relief they seek.

■ A word concerning defendant's final argument. Defendant asserts that the action must be dismissed because the United States of America is the owner of the tax liens and is thus an indispensable party which must be joined as a defendant, relying on Czieslik v. Burnet, D.C.N.Y.1932, 57 F.2d 715, and related cases. In the landmark case of Miller v. Standard Nut Margarine Co. of Florida, supra, the Supreme Court affirmed the decision of the Circuit Court of Appeals for the Fifth Circuit which considered and decided this issue, stating:

"The United States is not a necessary party to this suit, the object of which is to restrain threatened illegal conduct of a federal official violative of rights of the plaintiff. The exemption of the United States from suits does not protect its officers from personal liability to persons whose rights of property they have wrongfully invaded or threatened to invade. Philadelphia Co. v. Stimson, 223 U.S. 605, 619, 32 S.Ct. 340, 56 L.Ed. 570." 49 F.2d 79, at page 85.

There are numerous authorities to the effect that an action may be commenced against a government official who is allegedly exceeding his ministerial authority. New York Casualty Co. v. Zwerner, D.C.Ill.1944, 58 F.Supp. 473, 478; Sistrunk v. Director of Internal Revenue, D.C.Tex.1954, 119 F.Supp. 78; and cases collected in Lipton and Petrie, Enjoining Assessment Or Collection Of A Tax, 18 Institute on Federal Taxation 957, 965–967. The United States is therefore not an indispensable party in an action of this nature.

Motion to dismiss the complaint granted. Settle order on two days' notice.