**UNITED STATES of America, Appellant,**

v.

**Mario AMICI, Appellee.**

**No. 95–4–CIV–FTM–23.**

**Bankruptcy No. 88–06465–9P7.**

United States District Court,
M.D. Florida,
Fort Myers Division.

March 7, 1996.

Francis H. Cobb, Akerman, Senterfitt & Eidson, P.A., Tampa, FL, for Debtor, Appellee.

Charles R. Wilson, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Philip Doyle, U.S. Dept. of Justice, Tax Division, Washington, DC, for Appellant.

## MEMORANDUM AND ORDER

METZNER, Senior District Judge.

Appeal by the Internal Revenue Service (IRS) from a judgment entered by Chief Bankruptcy Judge Paskay finding that a penalty assessed against Mario Amici (debtor) is dischargeable in this Chapter 7 liquidation case.

■ IRS limits this appeal to the question of whether the penalty imposed pursuant to Section 6698 of the Internal Revenue Code for failure to file the partnership tax return for Twenty First Street Partnership, Ltd. is dischargeable.

The partnership tax return, which is an informational return, was filed late by the debtor who was responsible for its filing. The court below held that the penalty was imposed for failure to file an informational tax return. Since it does not relate to a tax liability it is dischargeable pursuant to section 523(a)(7)(A) of the Bankruptcy Code.

Section 523(a)(7)(A) provides that a penalty payable to the government is not discharged in a Chapter 7 proceeding, except under certain conditions. It is not the clearest statutory provision since in essence it says that a penalty is not dischargeable unless it is a tax penalty not specified in subparagraph (1) of section 523.

The debtor relies on three cases to sustain the judgment of the court below, and to show that the argument by IRS has been rejected in all three cases. These cases, however, do not deal with the problem here. They are all concerned with whether section 523(a)(7)(B) provides an independent ground for exemption from section 523(a)(7)(A). In these opinions, the courts rejected IRS reliance on legislative history to sustain its argument. Each court held that (B) was a separate and independent ground from (A).

We do not have any questions about (B) in this case, and the IRS does not raise any legislative history as an argument to sustain its position. It relies on the wording of the statute, as did the courts in the three cases.

In discussing the difference between (A) and (B), the courts involved necessarily had to speak of (A). They clearly defined (A) for us.

*In re Burns*, 887 F.2d 1541, 1544 (11th Cir.1989) the court said in connection with (A) that it clearly provides that "A tax penalty is discharged if the tax to which it relates is discharged...."

*In re Roberts*, 906 F.2d 1440, 1444 (10th Cir.1990) the court said that "Under the statutory scheme, a penalty related to a dischargeable tax liability is immediately dischargeable...."

Finally, in *McKay v. U.S.*, 957 F.2d 689, 693 (9th Cir.1992) the court said "That is, part (A) makes dischargeable penalties attributable to dischargeable taxes."

It is clear from these cases that dischargeability of a penalty depends on whether it is tied to a designated tax and whether the tax is dischargeable. This penalty does not relate to a tax and therefore is not dischargeable.

The court below did not make any findings regarding a reasonable cause for failure to file the return, and the testimony referred to by the court below does not justify an assumption by this court that such a finding was made.

Judgment reversed and judgment directed for the appellant that the debt owed by the appellee to the appellant is not dischargeable.

SO ORDERED.