228 B.R. 784 (1998)
In re Frank P. MACAGNONE, and Santina Macagnone, Debtors.
Frank P. Macagnone, and Santina Macagnone, Plaintiffs,
v.
United States of America, Internal Revenue Service, Defendant.
Bankruptcy No. 88-1119-8P7, Adversary No. 96-1001.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
December 9, 1998.
*785 Nicholas B. Bangos, Orlando, FL.
Phillip Doyle, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC.
ORDER ON MOTION BY UNITED STATES FOR RECONSIDERATION OF ORDER AND FOR ENTRY OF JUDGMENT
ALEXANDER L. PASKAY, Chief Judge.
This is a Chapter 7 liquidation case and the matter under consideration is a Motion by United States for Reconsideration of Order and for Entry of Judgment, filed by the United States of America, Internal Revenue Service (IRS). The IRS seeks reconsideration of this Court's Findings of Fact, Conclusions of Law and Memorandum Opinion and also seeks a final judgment in the above-captioned adversary proceeding. The IRS seeks reconsideration because (1) the Court *786 failed to address whether Frank P. Macagnone and Santina Macagnone's, the Debtors, (Debtors) 1983 federal income tax liability was dischargeable; (2) the Court applied the wrong standard for willfulness when determining whether Mr. Macagnone was the responsible person pursuant to 26 U.S.C. § 6672; and (3) the Court improperly placed the burden of proof on the IRS to show that Mr. Macagnone was the willful, responsible person pursuant to 26 U.S.C. § 6672.
Upon reconsideration, this Court concludes that the IRS is correct in that this Court did not address the issue of whether the Debtors' 1983 federal income tax liability was dischargeable. Further, this Court erred in its application of the willfulness standard, although the ultimate ruling was correct. However, the Court did not err in placing the burden of proof on the IRS to show that Mr. Macagnone was the willful, responsible person pursuant to 26 U.S.C. § 6672.

TAX LIABILITY OF THE RESPONSIBLE PERSON 26 U.S.C. § 6672
A penalty for non-payment of "trust fund taxes" is imposed pursuant to 26 U.S.C. § 6671. Section 6672(a) provides:
any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 . . . for any offense to which this section is applicable.
26 U.S.C. § 6672(a).
The initial inquiry must be directed to whether the individual, whom the IRS seeks to assess the 100% penalty to, was the "responsible person." The IRS has the burden to show that Mr. Macagnone was the responsible person and that his failure to pay over the withheld taxes was willful. In re Amici, 177 B.R. 386, 389 (Bankr.M.D.Fla. 1994), rev'd on other grounds sub nom. United States v. Amici, 197 B.R. 696 (M.D.Fla.1996). Where the IRS does not make an assessment prior to the commencement of the bankruptcy case, the IRS has the burden of persuading the Court that its claim is valid. Id. (citations omitted). All reasonable inferences should be drawn in the taxpayer's favor. George v. United States, 819 F.2d 1008, 1011 (11th Cir.1987).
In the present instance, it is clear that Mr. Macagnone is a responsible person within the meaning of § 6672. However, this leaves for consideration, the issue of willfulness.
The term "willfully" is defined by prior cases as meaning, in general, a voluntary, conscious, and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown. The willfulness requirement is satisfied if the responsible person acts with a reckless disregard of a known or obvious risk that funds may not be remitted to the Government, such as by failing to investigate or to correct mis-management after being notified that withholding taxes have not been duly remitted.
Malloy v. United States, 17 F.3d 329, 332 (11th Cir.1994), citing Mazo v. United States, 591 F.2d 1151, 1154 (5th Cir.1979) (citations omitted). Mazo indicates that something less than actual knowledge, specifically, "a reckless disregard of a known or obvious risk," is sufficient to satisfy the willfulness requirement. Malloy, 17 F.3d at 332. Accordingly, the Eleventh Circuit, in Malloy, held that a responsible person is liable if he or she had either actual knowledge that the taxes were not being paid or acted with a reckless disregard of a known or obvious risk of nonpayment. Id. In Levy, the court concluded that mere negligence in failing to ascertain the facts is not enough to render the person liable for the penalty. Levy v. United States, 140 F.Supp. 834, 836 (W.D.La. 1956) (citations omitted).
In the instant case, the Revenue Officer's Form 4180 is concluded with "willfulness and responsibility cannot be disputed." *787 This, however, is the Revenue Officer's subjective, unsubstantiated viewpoint. Mr. Macagnone denies having ever spoken to the Revenue Officer. This record is devoid of any hard evidence warranting the conclusion that the failure to pay withheld taxes over to the IRS was willful. At most, the evidence is in equal balance. Given such, the IRS has failed to meet its burden and Mr. Macagnone, while being a responsible person within the meaning of the United States Code, is not liable for the 100% penalty assessment under 26 U.S.C. § 6672.

TAX LIABILITY FOR 1983
Like the 1982 income tax liability, the 1983 income taxes are dischargeable as "stale" taxes unless consent was given to extend the limitations period. The 1983 income tax liability arose from items relating to limited liability partnerships in which Mr. Macagnone participated.
The IRS contends that consent was given to extend the limitations period for these 1983 taxes by the "tax matters partner" of the limited liability partnerships, although Mr. Macagnone did not personally consent. Pursuant to 26 U.S.C. § 6229(b)(1)(B), consent by the tax matters partner binds the other partners. While it is true that the IRS offered into evidence two Form 870-0s, entitled "Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership," one for Ruby Leasing Associates and one for Quartz Leasing Associates (IRS's Exhs. 12 & 13), it is impossible to determine whose signature is on these forms. No testimony was put on to aid in such. Additionally, the IRS did not put on any evidence showing that Mr. Macagnone was a partner of Quartz Leasing Associates.
Section 523 of the Bankruptcy Code should be liberally construed in favor of the Debtors and strictly construed against the party seeking a liability's exception from the discharge. Inasmuch as the IRS did not meet its burden, the 1983 income tax liability is dischargeable pursuant to § 727 of the Bankruptcy Code.
Accordingly, it is
ORDERED, ADJUDGED AND DECREED that the Motion by United States for Reconsideration of Order and for Entry of Judgment, filed by the United States of America, Internal Revenue Service, be, and the same is hereby, granted in part. Upon reconsideration, additional findings were made as to the dischargeability of the 1983 federal income tax liability and the correct standard for willfulness was applied as it relates to 26 U.S.C. § 6672. It is further,
ORDERED, ADJUDGED AND DECREED that inasmuch as this Court did not err in placing the burden of proof on the IRS to show that Mr. Macagnone was the willful, responsible person pursuant to 26 U.S.C. § 6672, the Motion by United States for Reconsideration of Order and for Entry of Judgment, filed by the United States of America, Internal Revenue Service, be, and the same is hereby, denied in part.
A separate final judgment will be entered by this Court in accordance with the Findings of Fact, Conclusions of Law and Memorandum Opinion, as supplemented by the foregoing.