**In re Frank P. MACAGNONE and Santina Macagnone, Debtors.**

**United States of America, Appellant,**

v.

**Frank P. Macagnone, Appellee.**

**No. 99–638–CIV–T–26E.**

United States District Court,
M.D. Florida,
Tampa Division.

June 24, 1999.

Adelaide G. Few, Charles R. Wilson, U.S. Attorney's Office, Tampa, FL, Philip Doyle, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

Nicholas B. Bangos, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for

Frank P. Macagnone and Santina Macagnone.

## *ORDER*

LAZZARA, District Judge.

The Appellant, the United States of America, challenges in this appeal that aspect of the bankruptcy court's order which determined that the Appellee, Frank Macagnone, was not liable for the trust fund penalty assessed against him under the provisions of 26 U.S.C. § 6672.[1] The Appellant contends that the bankruptcy court erred by exercising jurisdiction, by failing to abstain after it determined it had jurisdiction, and by ultimately concluding that the Appellee was not liable.[2]

 After carefully considering the record, the bankruptcy court's order, the briefs of the parties, and the governing law, the Court concludes that the Appellant's first two contentions have no merit. First, as pointed out by the Appellee, the bankruptcy court clearly had jurisdiction under 11 U.S.C. § 505 to determine whether liability was properly assessed against the Appellee pursuant to § 6672. Second, the bankruptcy court did not abuse its discretion in failing to abstain in view of its record-supported determination that there was a need to provide the Appellee with a forum to litigate the issue of his liability with a view to providing him a "fresh start" should he prevail.

 The Court further concludes, however, that the Appellant's third argument to the effect that the bankruptcy court erred in determining that the Appellee was not liable for the trust fund penalty is well taken. In making its determination of no liability, the bankruptcy court clearly and unequivocally placed the burden of proving willfulness on the Appellant after correctly finding that the Appellee was a "responsible person" within the meaning of the United States Tax Code. *See In re Macagnone*, 228 B.R. 784, 787 (Bkrtcy.M.D.1998) (commenting within the context of discussing the proof as to willfulness that "the IRS has failed to meet its burden" and that "this Court did not err in placing the burden of proof on the IRS to show that Mr. Macagnone was the willful, responsible person pursuant to 26 U.S.C. § 6672.").[3] This legal approach taken by the bankruptcy court as to who bears the burden of proof as to willfulness was clearly at odds with well established Eleventh Circuit precedent.[4] *See, e.g., Malloy v. United States*, 17 F.3d 329, 331 (11th Cir. 1994) ("Once an individual is established as a 'responsible person,' the burden shifts to the individual to disprove willfulness.") (footnote omitted).[5] Thus, because the bankruptcy court employed the wrong legal standard in allocating the burden of proof as to the critical element of willfulness, its findings made under this erroneous view of the law are set aside, *see Underwood v. Hunter*, 730 F.2d 614, 617 n. 6 (11th Cir.1984), *aff'd*, 471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985), and this case is remanded for another evidentiary hearing at which the Appellee shall bear the burden of disproving willfulness.

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED** as follows:

1. The bankruptcy court's order is reported at 228 B.R. 784.

2. The Court dispenses with oral argument pursuant to Federal Rule of Bankruptcy Procedure 8012(3).

3. The Court notes that the Appellee did not cross appeal nor otherwise dispute the bankruptcy court's finding that he was a "responsible person" for purposes of imposing liability under § 6672.

4. This Court must subject this legal determination to a *de novo* review. *See In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991) (in a bankruptcy appeal a district court must subject the bankruptcy court's determinations of law to *de novo* review).

5. The bankruptcy court was obviously aware of this case because it quoted from the opinion in its order when discussing the issue of willfulness. *See* 228 B.R. at 786.

1) The bankruptcy court's order is affirmed in part and reversed in part.

2) This case is remanded to the bankruptcy court for further proceedings consistent with this order.

3) The Clerk is directed to close this case.