Clarence MORTON, d/b/a Whirl A Way Nite Club, Plaintiff,

v.

H. J. WHITE, District Director of Internal Revenue for the United States of America, Defendant.

Civ. No. 4175.

United States District Court
E. D. Illinois.

April 9, 1959.

Johnson, Johnson, Ducey & Dixon, Belleville, Ill., for plaintiff.

C. M. Raemer, U. S. Dist. Atty., East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

Plaintiff filed his complaint for injunction asking this Court to enjoin the defendant and all those acting in concert with him, or as his agent or servant, from collecting the assessment heretofore made against him until a final determination is had as to the liability of plaintiff in connection with alleged cabaret tax due and that this Court determine the question of plaintiff's liability with respect to mechanical music in his place of business and the liability, if any, due under the provisions of the cabaret tax (Section 1700(e), Internal Revenue Code, 1939; Section 4231, Internal Revenue Code, 1954, 26 U.S.C.A. § 4231).

The defendant filed his motion to dismiss the complaint for lack of jurisdiction of this Court because it appears on the face of the complaint that this is a suit to restrain the collection of internal revenue taxes, the maintenance of which is prohibited by Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7421(a); that the complaint fails to state a claim upon which relief may be granted in that the relief prayed is specifically prohibited by Section 7421 (a) of the Internal Revenue Code of 1954; that this is in the nature of a declaratory judgment action to determine the question of a taxpayer's liability with respect to taxes assessed, the maintenance of which is prohibited by Section

2201, Title 28, U.S.C., and for other reasons.

The complaint alleges that the plaintiff is now and has been for a substantial period of time since November, 1952, engaged in the business and occupation of operating a tavern, night club, or dramshop near Belleville, Illinois; that the defendant is a duly authorized director of Internal Revenue in the district in which plaintiff resides and is an authorized agent of the United States Government for the purpose of assessing and collecting Federal taxes, including the cabaret tax; that for some period prior to filing this complaint a dispute has existed regarding the liability of the plaintiff for certain alleged penalties due under the provisions of the Internal Revenue Code known as the Cabaret Tax Act; that since July, 1953, plaintiff has offered at various times entertainment consisting of live music in the form of small bands, orchestras, or combos; that during the period of this entertainment a cabaret tax has been collected by the plaintiff from his patrons; that this tax has been paid; that the plaintiff has in his place of business mechanical or "juke box" music which is used when live entertainment is not provided; that the plaintiff has not permitted dancing to the mechanical music but has directed patrons against dancing through the use of signs and through instructions to his agents and servants; that the defendant has arbitrarily and capriciously taken the position that dancing was permitted to the mechanical music and has assessed a tax on plaintiff's gross sales.

Under the provisions of Section 7421 of the Internal Revenue Code, 1954, suits to restrain assessment or collection of any tax are prohibited.

Section 7421 provides in pertinent parts as follows:

"§ 7421. Prohibition of suits to restrain assessment or collection.

"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213 (a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Sections 6212(a) and (c) and Section 6213(a), 26 U.S.C.A. §§ 6212(a, c), 6213 (a), do not apply in any manner to the question here presented. The prohibition against suit for the purpose of restraining assessment or collection of any tax is, therefore, pertinent to the present situation.

The plaintiff asserts that Section 7421 of the Internal Revenue Code of 1954 does not prohibit suits to enjoin the collection of a tax in all situations; that there are exceptions to the rule and where exceptional circumstances exist a court may enjoin the collection of a tax notwithstanding the provisions of said section.

In Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L. Ed. 422, the court enjoined the collection of a tax on the grounds that the complaint in that case showed that there existed special and extraordinary circumstances, sufficient to bring the case within equity jurisprudence and enjoin the collection of the tax.

An examination of the Miller case and the case here in suit shows that there is no similarity as concerns the extraordinary circumstances. A court of equity may not grant an injunction contrary to the statute unless there exists simultaneously an illegal tax and special and extraordinary circumstances. If either element is lacking, injunctive relief will be denied. Homan Mfg. Co. v. Long, 7 Cir., 242 F.2d 645. Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 108 A.L.R. 173. Gehman v. Smith, D.C., 76 F.Supp. 805.

The plaintiff alleges that the assessment is not a tax but rather a penalty and that the attempted collection thereof is illegal, which is the first requirement necessary to bring into play the waiver of prohibition.

The tax here in controversy was imposed under the provisions of Section 1700(e) of the Internal Revenue

Code of 1939 and Section 4231 of the Internal Revenue Code of 1954. The two sections as they pertain to this case are identical.

Section 4231, Internal Revenue Code, 1954, provides in pertinent parts as follows:

"(6) Cabarets.—A tax equivalent to 20 percent of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, * * * The tax imposed under this paragraph shall be returned and paid by the person receiving such payments. * * * "

Section 4232(b) of the 1954 Code, 26 U.S.C.A. § 4232(b), provides as follows:

"(b) Roof garden, cabaret or other similar place.—The term 'roof garden, cabaret, or other similar place,' as used in this chapter, shall include any room in any hotel, restaurant, hall, or other public place where music and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise. * * * "

Under the provisions of the statute, mechanical music is not taxable where it is afforded in connection with the selling of food, refreshment, or merchandise. No such exemption from the tax is afforded where dancing privileges are provided.

The plaintiff has failed to show any authority upon which he failed to pay the tax other than a disputed question of fact.

Assuming without deciding that the deficiency assessment levied against the plaintiff is illegal, yet before this Court may grant the relief sought by the plaintiff in his complaint for injunction, there must exist special and extraordinary circumstances.

The plaintiff contends that if the defendant is permitted to enforce the collection prior to suit, an undue hardship would result in that the plaintiff would lose his home, his business and all wordly possessions if the deficiency assessment is collected prior to determination of the questions the Court is asked to decide, and that irreparable injury would result to the plaintiff unless the injunction is granted. The plaintiff contends that these facts constitute special and extraordinary circumstances which warrant equitable intervention by this Court. Hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance which would justify a court in exercising its equity jurisdiction to prevent collection by injunctive process. State of California v. Latimer, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159.

In Homan Mfg. Co. v. Long, the Circuit Court of Appeals for the Seventh Circuit said [242 F.2d 653].:

"For the Miller case principles to become operative 'special and extraordinary circumstances' must combine with illegality. After all the putative taxpayer seeking relief in the Miller case came into the district court armed with several judicial adjudications, an official letter, and Treasury Decision unanimously proclaiming non-taxability of the type of product produced by it. Relying upon that array of rulings for the prediction that its product was non-taxable under the Oleomargarine Act of August 2, 1886, 24 Stat. 209, as amended by the Act of May 9, 1902, 32 Stat. 194, the manufacturer invested capital and embarked on an enterprise—doomed to strangulation by administrative caprice, hence equitable relief was granted. The proposed tax was illegal. The Miller circumstances were exceptional even to the most jaundiced eye."

The Court further said at page 655, of 242 F.2d:

"Granting relief despite the statutory bar mandated by § 7421 would entail exercise of the district court's

general equity jurisdiction. To deviate from that clear Congressional direction could be countenanced, if at all, only by adhering to case precedent."

Before this Court may enjoin the collection of a tax, there must be considerably more shown than is alleged in the plaintiff's complaint by way of special and extraordinary circumstances.

The Court finds that there has not been such special and extraordinary circumstances shown to permit this Court to entertain a suit for injunction in direct conflict with the statute prohibiting same.

Finding that insufficient facts have been alleged to show this Court that it should intervene under is equity powers, it will, therefore, dismiss the complaint and the cause of action.