**PENNSALT CHEMICALS CORPORA-TION, Plaintiff,**

**v.**

**DRAVO CORPORATION, Defendant.**

**Civ. A. No. 36123.**

United States District Court
E. D. Pennsylvania.
March 29, 1965.

Arthur H. Seidel and Joel S. Goldhammer, Seidel & Gonda, Philadelphia, Pa., for plaintiff.

George J. Harding, 3rd, Frank A. Follmer, Busser, Smith & Harding, William H. Parmelee, Edward F. Welsh, and John S. Mason, Pittsburgh, Pa., Ralph D. Dinklage, Robert J. Eichelberg, and Burgess, Dinklage & Sprung, New York City, for defendant.

GRIM, J.

Plaintiff, Pennsalt Chemicals Corporation, has sued defendant, Dravo Corporation, for a declaratory judgment deciding that a certain patent is invalid and also asking for an injunction and damages. Plaintiff avers that defendant is the exclusive licensee of Lorenz patent No. 3,-136,834.

Plaintiff also avers that this patent covers the manufacture, sale and use of certain degassing equipment used on molten steel in the steel producing industry; that plaintiff manufactures and sells similar degassing equipment in the steel industry as an active competitor of defendant; that defendant has threatened plaintiff, its customers and prospective customers with patent infringement suits under the Lorenz patent license owned by defendant; that plaintiff is not infringing defendant's patent inasmuch as the Lorenz patent, for which defendant is the exclusive licensee, is invalid and void for lack of invention and patentable novelty over prior art; that plaintiff has suffered and is suffering loss and damages because of defendant's threats of infringement litigation against plaintiff, its customers and prospective customers.

The first contention made by defendant in its motion to dismiss is that the dispute between the parties does not constitute a justiciable controversy within the meaning of the federal declaratory judgment act, 28 U.S.C.A. § 2201.

It is enough to dispose of this contention to point out that there are a number of decisions in the Third Circuit which have upheld the propriety of a declaratory judgment action in cases involving allegations of fact substantially similar to those asserted by plaintiff in the present case. Treemond Co. v. Schering Corp., 122 F.2d 702 (3d Cir. 1941); Fed. Tel. & Radio Corp. v. Associated Tel. & Tel. Co., 169 F.2d 1012 (3d Cir. 1948); cert. denied 335 U.S. 859, 69 S.Ct. 133, 93 L.Ed. 406 (1948); Simmonds Aerocessories Ltd. v. Elastic Stop Nut Corp. of America, 257 F.2d 485, 489, 490 (3d Cir. 1958); Foster Grant Co. v. Polymer Corp., 185 F.Supp. 619 (E.D.Pa.1960).

In the light of these decisions and after a close examination of the record, it must be concluded that there exists an actual justiciable controversy between the parties entitling the plaintiff to bring this declaratory judgment action. Defendant's contentions on this ground must be dismissed.

It appears from the pleadings and affidavits filed in this case that the patent in issue here is Lorenz patent No. 3,136,-834 owned by Albert Lorenz and assigned by him to W. C. Heraeus GmbH., of Hanau, Main, Germany, hereinafter referred to as Heraeus. Defendant is alleged to have received an exclusive license under this patent from W. C. Heraeus GmbH. Defendant disputes this al-

legation and contends that this action must be dismissed because Heraeus, which is beyond the jurisdiction of this court, is an indispensable party to the case.

 In a suit to contest the validity of a patent, as in a suit for infringement, the patent owner or one who stands in his shoes as substantial owner of the patent, is an indispensable party without whom the court lacks jurisdiction to proceed, Waterman v. MacKenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); Hook v. Hook & Ackerman, 187 F.2d 52 (3d Cir. 1951). Where there has been a transfer of the exclusive right to make, use and sell the patented product, albeit limited as to territory and/or time, the patent owner is not an indispensable party but the transferee who possesses the "exclusive license" is entitled to sue or be sued alone with regard to the patent. Waterman v. MacKenzie, supra; Hartford National Bank & Trust Co. v. Crowley & Co., 219 F.2d 568 (3d Cir. 1955).

Defendant claims that under its agreement with Heraeus it was given the right to make and sell, but not to use, the degassing equipment allegedly covered by the Lorenz patent. Accordingly, defendant argues that it does not have the substantial incidents of ownership necessary to permit it to sue or be sued with regard to the patent. I disagree. A close examination of the agreement between Heraeus, the assignee of the patent and the defendant, discloses that defendant was given not only the right to make and sell but also the right to use the patented materials.

The agreement grants to the defendant "the exclusive license on the Contract Protective Rights and the Know-How in the Contract Territory." Contract Protective Rights are defined in the agreement as including the Equipment Patent in issue in this case. Thus it would appear that the parties contemplated the grant of the right of use of the patented invention since by definition a patent is a grant "of the right to exclude others from making, *using*, or selling" the particular invention involved. 35 U.S.C.A. § 154. Further the agreement specifically grants to the defendant the right to test the patented equipment and instruct buyers in the use thereof. The agreement further provides a guarantee from Heraeus to the defendant that the use of its degassing equipment will not infringe any right of third persons. Such a guarantee would be meaningless if it were not contemplated that the defendant was to have the right to use the equipment covered by the patent. Finally, it should be noted that the agreement provides that in case of termination of the agreement "[f]urther use of the * * * Contract Protective Rights * * *" is prescribed. Such a clause would appear meaningless unless defendant had the right of use during the term of the agreement.

 The fact that the agreement does not specifically authorize defendant to sue alleged infringers does not preclude a finding that defendant is the substantial owner of the patent for purposes of this declaratory judgment action. United Lacquer Mfg. Corp. v. Maas & Waldstein Co., 111 F.Supp. 139 (D.N.J. 1953). Likewise the reservation of royalties by Heraeus and the geographical and chronological limitations of the agreement do not render the defendant a mere licensee unable to sue or be sued with respect to the patent in issue. Hook v. Hook & Ackerman, 187 F.2d 52 (3d Cir. 1951); Hartford National Bank and Trust Co. v. Crowley & Co., 219 F.2d 568 (3d Cir. 1955); United Lacquer Mfg. Corp. v. Maas & Waldstein Co., 111 F. Supp. 139 (D.N.J.1953).

 In summary, defendant has been invested with sufficient incidents of ownership of the patent in issue here to permit the court to proceed to the merits of the controversy between the parties without the presence of Heraeus, the assignee of the Lorenz patent, or Albert Lorenz, the patentee. Of course, Heraeus and Lorenz have an interest in any litigation questioning the validity or infringement of the Lorenz patent and they can protect that interest by intervening in this action. However, their absence

from this case does not deprive the court of jurisdiction or more importantly render moot the apparently real controversy between the plaintiff and defendant concerning the Lorenz patent. The doctrine of indispensable parties is a creature of equity to be applied on the basis of practical considerations. A. L. Smith Iron Co. v. Dickson, 141 F.2d 3 (2d Cir. 1944); See Proposed Rule 19 and Advisory Committee's Note in Preliminary Draft of Proposed Amendments to Rules of Civil Procedure (March 1964); 2 Barron and Holtzoff, Federal Practice and Procedure, § 512. Under all the circumstances it must be concluded that neither Heraeus nor Albert Lorenz is an indispensable party to this litigation and, accordingly, defendant's motion to dismiss on that ground must be denied.