John C. PARENTI and Margaret Parenti

v.

Alfred WHINSTON, District Director of Internal Revenue Service.

Civ. A. No. 72–695.

United States District Court,
E. D. Pennsylvania.

June 12, 1972.

Benjamin R. Donolow, Philadelphia, Pa., for plaintiffs.

Richard A. Scully, Washington, D. C., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs, John C. and Margaret Parenti, seek to enjoin the levying of a jeopardy assessment against their property by the Internal Revenue Service pursuant to Internal Revenue Code of 1954, § 6861. They claim that the assessment is arbitrary and capricious and that the District Director acted without any basis in fact and in bad faith. The Government contends that the Court does not have the power to enjoin the assessment due to the limitations of the anti-injunction section, Internal Revenue Code of 1954, § 7421(a).[1]

■■ The bar to the issuance of injunctions against the assessment or collection of taxes established in § 7421 is not absolute. A court, if equity jurisdiction otherwise exists, may restrain such actions " . . . if it is clear that under no circumstances could the Government ultimately prevail . . . "

Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The Court in Enochs went on to say that § 7421 merely requires good faith on the part of the Government. 370 U.S. at 7, 82 S.Ct. 1125. Injunctions may issue in only exceptional and extraordinary circumstances. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932).

■ The District Director of the Internal Revenue Service, as the delegate of the Secretary of the Treasury, is empowered to make an immediate assessment and collection of a tax deficiency whenever he "believes that the assessment or collection of a deficiency . . . will be jeopardized by delay . . . ." Internal Revenue Code of 1954, § 6861(a). The discretion of the District Director is very broad and courts have generally refused to review the grounds for or validity of his decision. See, Transport Mfg. & Equip. Co. of Del. v. Trainor, 382 F.2d 793 (8 Cir. 1967); Lloyd v. Patterson, 242 F.2d 742 (5 Cir. 1957); Schreck v. United States, 301 F.Supp. 1265 (D.Md.1969); Publishers New Press, Inc. v. Moysey, 141 F. Supp. 340 (S.D.N.Y.1956).

■■ The present case does not involve the exceptional and extraordinary circumstances which would permit this Court to enjoin the District Director's action. The plaintiffs have presented no evidence which indicates that the action was taken in bad faith. There is no reason to suppose that the jeopardy assessment has been made for any purpose other than to protect the revenue interests for which it was intended as was done in United States v. Bonaguro, 294 F.Supp. 750 (E.D.N.Y.1968). Plaintiffs have not demonstrated that this is a case in which it is clear that the Government has no chance of prevailing. The fact that the Internal Revenue Service

---

1. "Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a), and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

has not presented exact figures to justify its total assessment is not decisive. The very purpose of a jeopardy assessment requires rapidity of action which precludes "computations fitted together with the accuracy of Dutch tiles." Homan Mfg. Co. v. Long, 242 F.2d 645 (7 Cir. 1957). Assessments against a taxpayer made by the District Director are prima facie correct. Internal Revenue Code of 1954, § 6020(b) (2). The taxpayer merely by attacking that assessment has failed to carry his burden of proof. The request for an injunction must be denied.