**Robert E. IANNELLI and Dolores Iannelli, his wife**

**v.**

**H. Alan LONG, District Director, Pittsburgh, Pennsylvania, and Johnnie M. Walters, Commissioner of Internal Revenue of the United States of America, successor to Harold T. Swartz, Appellants.**

**No. 72–1418.**

United States Court of Appeals, Third Circuit.

Argued Feb. 27, 1973.

Decided June 29, 1973.

Certiorari Denied Nov. 19, 1973.
See 94 S.Ct. 541.

Robert E. Lindsay, Tax Div., Dept. of Justice, Washington, D. C., Scott P. Crampton, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Chief Appellate Section, John P. Burke, John M. Brant, Attys. Tax Div. Dept. of Justice, Richard L. Thornburgh, Pittsburgh, Pa., of counsel, for appellants.

James E. McLaughlin, McArdle, McLaughlin, Paletta & McVay, Pittsburgh, Pa., Charles Alan Wright, Austin, Tex., William A. Camp, of counsel, for appellees.

Before HASTIE and ALDISERT, Circuit Judges, and DITTER, District Judge.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

The order from which the government has taken this appeal enjoined the District Director and the Commissioner of Internal Revenue from seizing or selling, until further order of the court, any property of Robert Iannelli or his wife Dolores to satisfy jeopardy assessments against them for alleged failure to pay overdue federal wagering taxes. In its opinion, W.D.Pa.1971, 333 F.Supp. 407, the court explained that the purpose of this temporary injunction was to protect

the taxpayers against possible necessity for self incrimination if, in normal course, they should undertake to establish in a civil suit a right to refund of sums collected pursuant to these assessments while criminal proceedings growing out of their alleged wagering business were pending. The government contends that the district court lacked jurisdiction to grant this injunctive relief because section 7421(a) of the Internal Revenue Code of 1954, U.S.C. § 7421(a), provides, with irrelevant exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person".

The parties agree that section 7421(a) is comprehensive and that on its face it seems to prohibit such a suit and such an injunction as we have here. *Cf.* Enoch v. Williams Packing & Navigation Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Johnson v. Wall, 4th Cir. 1964, 329 F.2d 149. It reflects an evident purpose to protect the public revenue from court imposed delays in the collection of taxes, leaving aggrieved taxpayers to sue for refunds of any amounts improperly collected. Thus, the section presupposes a bona fide attempt of the government to collect revenue. Therefore, if a levy on property is in formal guise an effort to collect taxes but in fact is only a device for harassing and punishing a wrongdoer without honest anticipation that the levy may yield money owed for taxes, it is arguable that a suit to restrain the tax collector's enterprise is not in reality a suit to restrain the collection of taxes. Accordingly, it is relevant to consider whether we have here a bona fide effort to collect revenue.

The taxpayers do not dispute that they may owe the government substantial sums of overdue taxes, though they dispute the claimed amount of their total indebtedness. Moreover, at the time of the jeopardy assessment and resultant levies the taxpayers, who had not filed a complete inventory of their possessions, appeared to be the owners of mortgaged income producing rental property, a fur-

nished home, a life insurance policy, bank accounts, automobiles and the contents of a safe deposit box. It is not disputed that in the aggregate the levies on their property were intended to and probably would yield substantial revenue, although in the district court counsel for the government conceded that at least some of the real property was so heavily mortgaged that a forced sale would not in likelihood benefit the government.

Though one of the government's objectives in this undertaking to seize all of the taxpayers' discoverable property may have been to put economic pressure upon persons believed to be engaged in large scale criminal activities, the jeopardy assessment and consequent levies also appear to have been bona fide and potentially productive attempts to collect revenue. And bona fide efforts to collect taxes through lawful procedure are the very undertakings that Congress has protected through the enactment of section 7421(a) against frustration or delay by litigation.

The district court was understandably and properly concerned that the taxpayers not be forced to choose between forfeiting their property without contesting the tax assessments on the one hand and, on the other, incriminating themselves by admitting in a tax refund suit that they had been engaged in an illicit enterprise for which they already had been indicted. But a tax refund claim and complaint adequate to toll the running of the statute of limitations could be drafted and filed without damaging admissions concerning the details or even the nature of taxpayers' business. And further proceedings in such a suit would properly be deferred on the plaintiffs' request until the conclusion of related criminal proceedings against them or until the running of all applicable periods of limitations on prosecutions. *Cf.* United States v. Kordel, 1970, 397 U.S. 1, 12 note 27, 90 S.Ct. 763, 25 L.Ed.2d 1; De Vita v. Sills, 3d Cir. 1970, 422 F.2d 1172, 1181. And in the unlikely case of an arbitrary refusal of a dis-

trict judge to grant such a stay, the abuse of discretion would be reviewable in this court.

For these reasons we have concluded that section 7421(a) of the Internal Revenue Code prohibits the relief granted to the taxpayers in this case.

The judgment will be reversed.