**John W. DETWILER**

v.

**UNITED STATES of America et al.**

**Civ. A. No. 74–2844.**

United States District Court,
E. D. Pennsylvania.

Nov. 18, 1975.

Philip R. Detwiler, King of Prussia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., C. Oliver Burt, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

GORBEY, District Judge.

This action is brought by the plaintiff against the United States of America; Alfred L. Whinston, District Director of Internal Revenue Service; and Donald C. Alexander, Commissioner of Internal Revenue.

It appears that plaintiff previously operated a business as an electrical contractor. The Internal Revenue Service made certain tax assessments against him for employment and Social Security taxes in 1972 and 1973, he having filed returns but making no payment. Notices of federal tax liens were filed in Montgomery County, Pennsylvania, and steps authorized by the Revenue Code were taken with the result that certain of plaintiff's receivables under a contract for electrical work were attached, resulting in the loss of the contract. Thereafter, plaintiff being forced out of business, obtained employment only to have his wages attached.

As a consequence, plaintiff seeks a mandatory injunction against the United States of America, the Internal Revenue Service, its officers and agents, restraining the continued violation of the plaintiff's constitutional rights; also, a mandatory injunction restraining the defendants from further efforts to collect the tax, and to order a return of money and other property which had been "confiscated". In addition, plaintiff asks for punitive damages for the violations of his rights. The net result of the actions

which defendants are alleged to have committed is claimed to have reduced plaintiff to a state of peonage, contrary to the Thirteenth Amendment, and to have violated his rights under the Fifth Amendment.

Plaintiff's original request for the convocation of a Three-Judge Court has been withdrawn, thus, the attack is not against the constitutionality of the Internal Revenue Code, but against the manner of its administration as to the plaintiff.

■ While plaintiff has been most generous in the use of superlatives describing the acts of certain Revenue agents, not parties to this suit, as involving "harassments, oppressions, discriminations, confiscations and unconstitutional deprivations", an examination of the pleadings, memoranda, and particularly the depositions of the plaintiff and his wife, who is not a party to this suit, conclusively shows that the dispute arises out of the ordinary collection activities of the Internal Revenue Service. Accordingly, the statutory limitations of the Internal Revenue Code of 1954, are applicable. *Lewis v. Sandler,* 498 F.2d 395, 399 (4th Cir. 1974).

■ A seizure of salary or wages is authorized by statute, 26 U.S.C. § 6331, and it is well settled that the enforced collection of federal taxes by seizure is constitutional, since the statutes provide an adequate remedy by which liability may be contested. *Phillips v. Commissioner,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *Iannelli v. Long,* 487 F.2d 317 (3d Cir. 1973); *Commonwealth Development Ass'n. of Pa. v. United States,* 365 F.Supp. 792 (M.D.Pa.1973). In this case plaintiff admits his liability for the taxes sought to be collected pursuant to statute (Stipulated Facts, No. 4).

The request for injunctive relief is barred by 26 U.S.C. § 7421(a), plaintiff not having alleged any facts to bring him within the exceptions to the statute that: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

■ With respect to a judicial exception to the bar of Section 7421(a) whereby the district court may enjoin collection of taxes, the exception has been applied in cases where the complaint shows that *in addition to the illegality* of an exaction in the guise of a tax, there exists special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence. *Miller v. Standard Nut Margarine Co. of Florida,* 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932).

■ In the case *sub judice,* there is no contention that the Social Security taxes involved are illegal. Plaintiff's injuries alleged to have been sustained as a result of the attempts to collect Social Security taxes include, *inter alia,* embarrassment resulting from his wife being told the extent of his financial obligations over and beyond his tax liability. This is akin to the allegation, in a tax case, of irreparable injury consisting of damage to one's reputation, which has been held insufficient to justify equitable relief. *Hudson v. Crenshaw,* 224 F.2d 324, 325 (4th Cir. 1955); *Lipsig v. United States,* 187 F.Supp. 826 (E.D.N.Y. 1960).

■ His claim of undue hardship, similar to that of thousands of individuals who accumulate debts beyond their ability to pay conveniently without adverse consequences, is not a sufficient reason to grant relief. In *Morton v. White,* 174 F.Supp. 446 (E.D.Ill.1959), plaintiff contended that:

"If the defendant is permitted to enforce the collection prior to suit, an undue hardship would result in that the plaintiff would lose his home, his business and all worldly possessions if the deficiency assessment is collected prior to determination of the questions the Court is asked to decide, and that irreparable injury would result to the plaintiff unless the injunction is granted."

The court responded:

"Hardship in raising money with which to pay taxes is now common to all taxpayers, but this is not a special circumstance which would justify a court in exercising its equity jurisdiction to prevent collection by injunctive process. *State of California v. Latimer*, 305 U.S. 255, 59 S.Ct. 166, 83 L.Ed. 159." *Id.* at 449.

While sympathizing with the plaintiff who finds himself, because of the adversities of business in an unfavorable economic climate, mired in the quicksands of unmanageable debt, "granting relief despite the statutory bar mandated by § 7421 would entail exercise of the district court's general equity jurisdiction. To deviate from that clear Congressional direction could be countenanced, if at all, only by adhering to case precedent." *Homan Mfg. Co. v. Long*, 242 F.2d 645, 655 (7th Cir. 1957).

Plaintiff has cited no case, and research has revealed none, which would warrant an injunction in this case, since "a court of equity may not grant an injunction contrary to the statute unless there exists simultaneously an illegal tax and special and extraordinary circumstances." *Morton v. White, supra*, 174 F.Supp. at 448. Here both elements are missing.

Objection is made by the plaintiff to the fact that, in the course of a meeting with Revenue officials, he was advised that his failure to provide for withholding and collection of federal employment taxes might be a criminal offense, and he should take every reasonable step to pay his accrued liabilities. (Dep. pp. 27–28) Such statement, if made, is in accord with § 7202 of the Internal Revenue Code, and it is only reasonable to expect that the existence of such a statute would be called to the attention of the person in default.

Such a statement, if made, has no more relevance to the claim of deprivation of constitutional rights of the plaintiff than the allegation that a Revenue officer threatened plaintiff's wife with a seizure of the home held as tenants by the entireties with her husband, or the further allegation that, for the first time, and since this litigation began, the Internal Revenue Service audited the 1973 Income Tax Return of his brother, the plaintiff's attorney. The Internal Revenue Code provides for such audit, and while this may have resulted in inconvenience to his attorney, it cannot be regarded as violative of plaintiff's constitutional rights.

With respect to the claim for return of monies obtained as a result of assessments against the plaintiff, no facts are alleged to show compliance with § 7422(a) of the Internal Revenue Code, without which "no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected . . . .".

Concerning the claim for punitive damages it must be noted that the United States is immune to damage claims except as otherwise provided by statute. If the alleged acts of the agents are tortious, the Federal Torts Claim Act in 28 U.S.C. § 2674, specifically bars recovery of punitive damages, and furthermore the Act does not apply to "any claim arising in respect of the assessment or collection of any tax or custom duty . . . .". 28 U.S.C. § 2680(c).

The District Director and the Commissioner of Internal Revenue are immune from suit upon tort claims as each occupies a supervisory, discretionary office within the Internal Revenue Service, for reasons that are well established. *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Johnson v. Alldredge*, 488 F.2d 820 (3d Cir. 1973); *David v. Cohen*, 132 U.S.App.D.C. 333, 407 F.2d 1268 (C.A.D.C.1969). Furthermore, plaintiff's deposition fails to support the charges of "oppressions, harassments, discriminations and unconstitutional deprivations".

The acts to which those descriptive words appear to apply are in the acts of Revenue agents pursuant to statutes the constitutionality of which has long been established, which resulted in liens, attachment of wages and other assets. These acts were by Revenue agents, not named as defendants, and are claimed to amount to willful oppression on the part of officers and agents of the Internal Revenue Service and violative of Acts of Congress, 18 U.S.C. § 244, which is not relevant to this case, and 26 U.S.C. § 7214.

Section 7214 of 26 U.S.C. relates to offenses by officers and employees of the United States. It provides:

"Any officer or employee of the United States acting in connection with any revenue law of the United States (1) who is guilty of any (extortion or) willful oppression under color of law . . . shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisonment not more than 5 years, or both . . ."

Thereafter, this significant provision appears:

"The court also shall render judgment against the said officer or employee for the amount of damages sustained *in favor of the party injured,* to be collected by execution." (Emphasis added)

 It would thus appear that it is the intent of Congress that injuries to individuals resulting from "willful oppression under color of law" by officers or employees of the Revenue Service are to be redressed in a criminal action brought by the United States. Accordingly, 26 U.S.C. § 7214 has no relevancy in this suit.

 Plaintiff's claim for declaratory relief is barred by the statute which he cites, 28 U.S.C. § 2201. This Section is a procedural one creating the remedy of Declaratory Judgment while specifically stating:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court in the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . ." (Emphasis added)

 With respect to counsel fees, the award of costs in a civil action against the United States is provided by 28 U.S.C. § 2412, and counsel fees are specifically excepted therein.

 There remains to be considered the request for relief on the ground that action taken under the Revenue Code violates the Thirteenth Amendment in that it subjects plaintiff to "involuntary servitude". This contention relates to the attachment of wages pursuant to the Code. No cases are cited in support of the aforementioned contention. The contrary, however, was held in *Beltran v. Cohen,* 303 F.Supp. 889 (N.D.Cal.1969) where the court denied an injunction against tax collection. With respect to the peonage claim, this was denied on the basis that the plaintiff was free to quit his job at anytime and the court also cited cases holding that even if imposing a kind of servitude it is not the kind of involuntary servitude referred to in the Thirteenth Amendment. In the course of its opinion, the court noted that a law is not unconstitutional merely because it results in financial injury to a citizen, and that "any harshness in a salary or wage levy without exemption is more apparent than real. The hardship stems more from the conduct of the taxpayer than from the nature of the statute". *Id.* at 893.

 The complaint also alleges jurisdiction pursuant to 28 U.S.C. § 1356 which provides:

§ 1356. The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction.

This is a general statute and can have no application to a situation such as the present one in view of the specific statutes previously discussed which relate to controversies involving taxation. *See Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir. 1974).

Accordingly, and especially in view of the twenty-five paragraphs of stipulated facts, as well as the remainder of the proposed final pretrial order, plaintiff's deposition, and the exhibits, the conclusion is irresistible that this is a tax case, the court lacks jurisdiction to grant the requested relief, and the plaintiff has failed to state any claim upon which relief may be granted. In this situation, summary judgment must be granted in favor of the defendants.